UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KENNETH L. WATKINS,

    Plaintiff,

    v.

SUE CONN, et al.

    Defendants.

Case No. 2:14-cv-1621
JUDGE GREGORY L. FROST
Magistrate Judge MARK R. ABEL

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' motion to dismiss (ECF No. 5), and Plaintiff's memorandum in opposition (ECF No. 8). For the foregoing reasons, the Court **GRANTS** the motion and **DISMISSES** Plaintiff's complaint.

### I. BACKGROUND

Plaintiff Kenneth Watkins was employed by the United States Postal Service ("USPS") as a city carrier for approximately 28 years. In his complaint, Plaintiff alleges that two USPS employees, Defendants Sue Conn and Raymond Pugh, acted together to falsify his time records and terminate his employment with USPS. Plaintiff alleges that he is a disabled veteran and a cancer survivor. Plaintiff does not, however, provide any additional information about the claim or claims he is pursuing in this lawsuit.

Defendants moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which the Court can grant relief. In their motion, Defendants argue that Plaintiff's claim is best analyzed under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, which requires a plaintiff suing the post office to name the Postmaster General as the defendant. Defendants assert that Plaintiff's failure to do so in this

1

case deprives the Court of subject matter jurisdiction.  Alternatively, Defendants argue that Plaintiff's complaint fails to provide sufficient notice of his claim and the grounds upon which it rests, that Plaintiff failed to plead exhaustion of administrative remedies, and that Plaintiff previously agreed to settle in full the claims he now seeks to pursue in this lawsuit.

Plaintiff responded to Defendants' motion and provided more details about his claim.  Specifically, Plaintiff asserted that Defendant Conn falsified his clock rings while he was at the VA Clinic for a CT scan.  Plaintiff attached to his brief the initial complaint he filed with the Equal Employment Opportunity Commission in which he alleged discrimination on the basis of disability (cancer).  Plaintiff does not dispute that he agreed to resolve his claims in a settlement agreement but asserts that, in doing so, he was "horribly misled" by his representative.  (ECF No. 8, at PAGEID # 41.)

The Court now considers Defendants' motion to dismiss.

## II. ANALYSIS

### A. Lack of Subject Matter Jurisdiction

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is proper if the Court lacks subject matter jurisdiction over this action.  As stated above, Defendants argue that subject matter jurisdiction is lacking because Plaintiff failed to name the proper defendant under Title VII.  The premise of Defendants' argument is that "any challenge to an employment decision affecting Plaintiff during his work with USPS would be available, if at all, under Title VII." (ECF No. 5, at PAGEID #25.)  But Title VII applies only to discrimination on the basis of "race, color, religion, sex, or national origin," 42 U.S.C. § 2000e, none of which is referenced in Plaintiff's complaint.  Defendant's first argument therefore fails.

**B.     Failure to state a claim upon which relief can be granted.**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is proper if the complaint fails to state a claim upon which the Court can grant relief.  Fed. R. Civ. P. 12(b)(6).  A complaint must "give the defendant fair notice of what the claim is, and the grounds upon which it rests."  *Nader v. Blackwell,* 545 F.3d 459, 470 (6th Cir. 2008).  The court must be able to draw "a reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendants argue, and the Court agrees, that Plaintiff's complaint fails to provide fair notice of his claim and the grounds upon which it rests.  The Court cannot discern from the complaint the claims for relief Plaintiff seeks to pursue or the law Defendants allegedly violated.  The Court acknowledges that Plaintiff provided slightly more detail about his allegations in his opposition to Defendants' motion to dismiss; however, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."  *In re Porsche Cars N. Am., Inc.*, 880 F. Supp. 2d 801, 842 (S.D. Ohio 2012) (quoting *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)).  And although the Court is sympathetic to Plaintiff's plight as a *pro se* litigant, such litigants must still "draft pleadings that meet the requirements of the federal rules."  *West v. Adecco Emp't Agency*, 124 F. App'x 991, 992 (6th Cir. 2006).  Plaintiff's complaint does not meet those requirements in this case.

For these reasons, the Court concludes that dismissal is proper pursuant to Rule 12(b)(6).  The Court need not consider Defendant's remaining argument that Plaintiff already settled the claims he now seeks to pursue.

**IV.     CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss (ECF No.

3

5) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint.  The Clerk is **DIRECTED** to enter judgment accordingly and terminate this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

    **IT IS SO ORDERED**.

                                                   **/s/ Gregory L. Frost**
                                                   **GREGORY L. FROST**
                                                   **UNITED STATES DISTRICT JUDGE**